IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

RAY HARVISON,

   Plaintiff,

vs.                                                                          No. 1:22-cv-01106-JDB-jay

STATE OF TENNESSEE,

   Defendant.

---

### REPORT AND RECOMMENDATION

---

On May 26, 2022, pro se Plaintiff Ray Harvison ("Plaintiff") filed "a Notice of Removal", pursuant to 28 U.S.C. § 1331, 1443, and 1446, removing the above captioned action[1] from the Circuit Court of Madison County, Tennessee to the United States District Court for the Western District of Tennessee Eastern Division." ECF No. 1. This action was accompanied by a Motion for Leave to Proceed in forma pauperis. ECF No. 3. On July 6, 2022, the Court granted Plaintiff leave to proceed in forma pauperis ECF No. 7. This case has been referred to the United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05. Accordingly, this matter is before the Court for a sua sponte review of Plaintiff's notice, which the Magistrate Judge construes as a petition for removal of a state court action to this federal court, to determine whether the Court has jurisdiction over this matter. *See* 28 U.S.C. § 1915(e)(2)(B); Fed.R.Civ.P. 12(h)(3).

---

[1] The state court action is *State of Tennessee vs. Ray Brandon Harvison*. While Mr. Harvison is the defendant in the state court action, for purposes of simplicity the Court will refer to Mr. Harvison as Plaintiff in this Report and Recommendation, consistent with the caption of the case.

## PLAINTIFF'S NOTICE OF REMOVAL

Plaintiff's removal stems from an indictment filed by the State of Tennessee, *State of Tennessee vs. Ray Brandon Harvison*, Case No. 22-371, and an Order of Conditional Judgment entered on May 10, 2022. As grounds for removal, Plaintiff asserts that he has removed this action "pursuant to 28 U.S.C. § 1331, 1443, and 1446." ECF No. 1. He proceeds to make an assortment of complaints about the summons he received, primarily relating to the content of the summons. Plaintiff states that on May 10, 2022, an Order of Conditional Judgment was filed. ECF No. 1, p. 2.

## ANALYSIS

As an initial matter, "statutes conferring removal jurisdiction are ... construed strictly because removal jurisdiction encroaches on a state court's jurisdiction." *Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 534 (6th Cir.1999) (citations omitted). Doubts about removal "should be resolved in favor of remand to the state courts." *Id.; see also Nasco Inc. v. Norsworthy,* 785 F.Supp. 707, 710 (M.D.Tenn.1992) (noting that removal statutes "are to be strictly construed ... in favor of remand").

The Magistrate Judge recommends that the Court remand this action back to state court. None of the three statutes relied on by Plaintiff give the Court jurisdiction to hear this case. First, both 28 U.S.C. § 1331 and 28 U.S.C. § 1446 pertain to civil actions. This is not a civil action. Therefore, these statutes cannot confer jurisdiction.

Likewise, the Court is without removal jurisdiction under 28 U.S.C. § 1443. Section 1443(1) allows a civil action commenced in state court to be removed to federal court if a defendant "is denied or cannot enforce in the courts of such State a right under a law providing for ... equal civil rights." Under this provision "it must appear that the right allegedly

denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality." *Johnson v. Mississippi,* 421 U.S. 213, 219, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975) (internal citations omitted). The laws justifying removal under § 1443(1) are limited to those guaranteeing racial equality. *See Georgia v. Rachel,* 384 U.S. 780, 786–94, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966). "Only when State laws violate 'equal civil rights' based on racial grounds is § 1443(1) applicable. Broad general allegations of deprivation of civil rights are not sufficient to permit removal." *State of Ohio v. Denman,* 462 F.2d 1292, 1292 (6th Cir.1972) (citations omitted). In addition, removal under 28 U.S.C. § 1443(1) is limited to those persons who are unable to enforce their right to racial equality because of some formal expression of state law. *Rachel,* 384 U.S. at 803.

In the present case, Plaintiff fails to allege facts showing any violation of a federal right to racial equality. Plaintiff does not allege any racial discrimination, nor do his broad, vague, conclusory contentions under the Due Process and Equal Protection Clauses support a claim for removal under § 1443.[2] *See Denman,* 462 F.2d at 1292. *See also St. James Associates v. Larsen,* 67 F. App'x 684, 686 (3rd Cir. 2003) (finding that the general guarantees of the Due Process and Equal Protection Clauses do not include the specific language of racial equality required by § 1443). Plaintiff fails to identify any policy of the law of the State of Tennessee that denies him the right to equal treatment on account of his race. Moreover, he has not demonstrated that the Tennessee Courts will not adequately protect him from racial discrimination. Accordingly,

---

[2] Plaintiff states merely that "[t]his court has Federal Question Jurisdiction, because case [sic] involves procedural due process violations that may deprive the defendant of life, liberty, or property without due process of law, under the United States Constitution." ECF No. 1, p. 2.

the Court is without removal jurisdiction under section 1443(1).[3]

In sum, the Court lacks subject matter jurisdiction over this case. Plaintiff's petition for removal should be denied, this matter should be dismissed from the docket of the Court, and the case should be remanded to the state court.

## CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

1. The petition for removal of a state court action to this federal court should be denied.

2. This matter should be dismissed from the docket of the Court.

3. This matter should be remanded to the state court. *See* 28 U.S.C. § 1447(c).

4. The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal in forma pauperis. Plaintiff should also be advised that he remains free to apply to proceed in forma pauperis in the Court of Appeals. *See Callihan v. Schneider,* 178 F.3d 800, 803 (6th Cir.1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir.1997).

Respectfully submitted this 9th day of March, 2023.

s/Jon A. York
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

---

[3] Section 1443(2) is inapplicable in the instant case as this subsection confers the privilege of removal only upon federal officers or agents (first clause) or state officers (second clause). *See City of Greenwood, Miss. v. Peacock,* 384 U.S. 808, 824 and n. 22 (1966).